# United States Court of Appeals
# for the Fifth Circuit

————————

No. 25-30566

————————

United States Court of Appeals
Fifth Circuit

**FILED**

December 8, 2025

Lyle W. Cayce
Clerk

Landry's, L.L.C.; Golden Nugget Lake Charles, L.L.C.; Riverboat Corporation of Mississippi; Golden Nugget Atlantic City, L.L.C; GNLV, L.L.C.; GNL, L.L.C.; Landry's Seafood House-New Orleans, Incorporated; Landry's Seafood House-Jax, Incorporated; Golden Nugget, L.L.C.; Fertitta Entertainment, Incorporated; Fertitta Hospitality, L.L.C.; 1600 West Loop South, L.L.C.; Morton's of Chicago/Rosemont, Incorporated; Landry's Seafood House-Missouri, Incorporated; Bill's Bar & Burger R.C., L.L.C.; Rainforest Cafe, Incorporated; Del Frisco's of Georgia, L.L.C.,

*Plaintiffs—Appellees*,

*versus*

Chubb Bermuda Insurance, Limited,

*Defendant—Appellant.*

————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:25-CV-1175

————————————————————

Before Smith, Stewart, and Haynes, *Circuit Judges*.

No. 25-30566

Per Curiam:[*]

This case arises out of an insurance dispute between Plaintiffs (collectively "Landry's") and Chubb Bermuda, a Bermudan insurer. The district court issued a preliminary injunction enjoining Chubb Bermuda from pursuing or enforcing proceedings in the High Court of Justice of England and Wales. Chubb Bermuda appeals that order. We vacate and dismiss.

The district court erred by declining to consider whether it had personal jurisdiction over Chubb Bermuda prior to issuing the preliminary injunction. *See Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 471 (5th Cir. 1985) (holding "that the district court should not have issued the preliminary injunction . . . without determining whether it had jurisdiction over the party enjoined"). Although this would be grounds for vacating the injunction and remanding for the district court to address the issue of personal jurisdiction in the first instance, we also have the authority to address the issue of personal jurisdiction. *See Daves v. Dallas County*, 22 F.4th 522, 528 (5th Cir. 2022) (en banc) ("[O]n the appeal from a preliminary injunction, issues relating to whether there is a proper suit at all can be decided, such as the existence of . . . personal jurisdiction . . . .").

Here, it is apparent that the district court does not have personal jurisdiction over Chubb Bermuda. To comply with the Due Process Clause of the Fourteenth Amendment, a court must have either general or specific jurisdiction over a non-resident defendant. A court has general jurisdiction over such a defendant if "their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citation modified). A court has specific jurisdiction when the "non-resident

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 539 (5th Cir. 2019) (citation modified). The latter analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). Neither type of personal jurisdiction is shown in this case. As to general jurisdiction, there is no evidence that Chubb Bermuda, a Bermudan citizen, had such continuous and systematic affiliations with Louisiana as to render it "essentially at home" in the state. *Goodyear*, 564 U.S. at 919. As for specific jurisdiction, there is no evidence that Chubb Bermuda purposefully directed activities at the state of Louisiana. The policy at issue "covers loss occurring anywhere in the world excluding those countries, individuals, or entities as to which coverage would be in violation of any U.S. economic or trade sanctions." We have held that a defendant is not subject to specific personal jurisdiction in a state based on an insurance policy's nationwide scope alone. *See Shambaugh & Son, L.P. v. Steadfast Ins. Co.*, 91 F.4th 364, 374 (5th Cir. 2024).

Accordingly, we VACATE the preliminary injunction and DISMISS the case for lack of personal jurisdiction.